Memorandum                                    10-27-17

Dear Honorable Judge Smith

    The nations proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self sufficency for each individuals.

    The continued existance of unfair and unnecessary discrimination and predjudice denies people with disabilities the opportunity to compete on an equal basis and to persue those opportunities for which our free society is justifiable famous and costs the united states billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

    My request for accomodation is reasonable and the Court has not established how accomadating my disability would cause an undue hardship and pose a significant risk to the health or safety of others that cannot be eliminated by modification of policies practices or procedures.

    A record of impairment that substantially limits one major life activity eating, sleeping, walking, standing, speaking, breathing, learning, thinking, communicating, walking or one major bodily function muerological, brain, respiratory and cardiac entitles

am American with disabilities am accomadation.

According to title 42 U.S.C.S. 1201 the Court holds broad equitable powers granted by the ADA 42 USCS 1201 et. seq. through incorporation of 42 USCS 2000 e-5 (g)(i) under 42 USCS 12117(a) Eshelman v. Agere Sys. (2009) C.3 Pa 554 F 3d 426, 21 AD Cas 865, 13 CCH Accomadating Disability Decision 13-194.

Rule of Construction regarding the definition of disability (c).

An impairment that substantially limits one major life activity need not limit other major life activities to be considered a disability. A disability is established before treatment.

Congress intended ADA to provide clear and comprehensive national mandate for elimination of discrimination against people with disabilities and to ensure that the federal government played central role in enforcement of standards in full use of its legislative power under section 4 of the 14 amendment and Commerce Clause. Muller v. Costello (1999, CA2 NY) 187 F 3d 298, 9 AD Cas 1064

The particular accomadation I am requesting as an American with a disability is first, to be an acknowledged as an ADA plaintiff having a qualified disability requiring an accomadation and two, be accomadated based on my particular disability that deprives me of equal access to the court.

I have suffered injury infact by encountering a barrier that deprives me of full and equal enjoyment of the court due to my particular disability and the courts discrimination

I am substantially limited in a major life activity sleeping, walking, standing, breathing, learning, thinking, communicating, and working. I am also substantially limited in a major bodily function nuerological brain, Tardive Dyskenesia, respiratory and Cardiac.

My request for accomadation is important for me to acheive equality and equal access to the court. My disability qualifies me for an accomadation and having a record of impairment establishes my disability. I will not be able to send medical record copies because the facility does not allow indigent people to make copies or to send out mail. I am indigent and cannot pay. I have requested postage and copies 2 months ago with no reply.

Regina Lewis