UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
REGINA LEWIS,

                              Plaintiff,

    - against -                                      **OPINION & ORDER**

NEWBURGH HOUSING AUTHORITY and          No. 11-CV-3194 (CS)
MARC STARLING, in his official capacity as
Executive Director of the Newburgh Housing
Authority,

                              Defendants.
---------------------------------------------------------------x

Appearances:

Regina Lewis
Newburgh, New York
*Pro Se Plaintiff*

Michael J. Matsler
Rider Weiner & Frankel, P.C.
New Windsor, New York
*Counsel for Defendants*

Seibel, J.

      Before the Court are several letters from Plaintiff, (*see* ECF Nos. 212, 213, 214, 216), which the Court construes collectively as a motion to reopen this case, (ECF No. 217), which was previously dismissed without prejudice, (ECF No. 202). For the following reasons, the dismissal is vacated and the case is reopened.

**I.    BACKGROUND**

      The Court assumes the parties' familiarity with the extensive procedural history of this case, and recites only the background relevant to the instant motion to reopen.

Plaintiff initiated this action on May 11, 2011, and Defendants answered on July 12, 2011. (ECF No. 6.). The case was originally assigned to District Judge Kenneth Karas, but the parties, through their counsel, consented to the jurisdiction of a Magistrate Judge, and on October 18, 2011 the case was assigned to former Magistrate Judge Lisa Margaret Smith for all purposes. (ECF No. 14.)[1] Plaintiff's counsel withdrew on October 20, 2011, (ECF No. 22), and Plaintiff went forward *pro se*. Throughout 2012 Plaintiff failed to appear at several scheduled conferences and demanded that the Court appoint counsel to accommodate her disability. (*See* ECF No. 104 at 3-11.) Plaintiff was also arrested on federal charges and incarcerated in July 2012. (*Id.* at 9.) For most of 2013, the Court was unable to schedule and hold status conferences with Plaintiff. (*Id.* at 11.)

Ultimately, this matter was stayed on January 10, 2014, (ECF No. 72), as Plaintiff was found incompetent to stand trial in a criminal case and committed for hospitalization and treatment. *See United States v. Lewis*, No. 12-CR-655, ECF No. 57. She was eventually found competent to proceed in that case on July 15, 2014. *See id.*, ECF No. 83. After she was found guilty, sentenced to time served, and released from custody, Magistrate Judge Smith lifted the stay in this case on February 13, 2015. (ECF No. 74.) In her order lifting the stay, Magistrate Judge Smith stated that, given Plaintiff's past conduct in the case, she would give Plaintiff "one more opportunity" to pursue this case. (*Id.* at 10.) She ordered Plaintiff to, among other things,

---

[1] Plaintiff claims that her then-attorney "signed my signature on the consent form during a conference that I was not notified of or allowed to attend," and that the District Judge (who she identifies as "Judge Katz," but who would have been Judge Karas) and Magistrate Judge Smith knew that her attorney had already made a motion to withdraw. (ECF No. 214.) The docket reflects that Plaintiff's former counsel signed the consent form with her own name as Plaintiff's attorney on October 7, 2011, (ECF No. 14), and thereafter filed a motion to withdraw as Plaintiff's attorney on October 20, 2011, (ECF Nos. 22-23). That motion was prompted, among other things, by Plaintiff's letters to the Court accusing her attorney of misconduct. (ECF No. 23 ¶¶ 4-5; *see* ECF No. 26.)

2

refrain from contacting her chambers by telephone and to cooperate with Defendants' counsel to have her deposition scheduled. (*Id.* at 10-11.)

After Plaintiff failed to appear at two consecutive hearings on March 4, 2015 and April 14, 2015, (*see* Minute Entry dated Mar. 4, 2015; Minute Entry dated Apr. 14, 2015), Defendants moved to dismiss the case based on Plaintiff's failure to prosecute, (ECF No. 79). On August 27, 2015, the Court issued a forty-five-page Decision and Order, which laid out the reasons why Plaintiff's case should be dismissed both for failure to prosecute and for her inappropriate conduct, but ultimately gave Plaintiff until September 28, 2015 to show cause why the case should not be dismissed on these grounds. (ECF No. 104.) On February 18, 2016, citing the reasons detailed in the September 28, 2015 Decision and Order and the fact that Plaintiff had failed to show cause (despite filing eight letters in the interim), the Court dismissed the case with prejudice. (ECF No. 122.) Plaintiff moved for reconsideration, (ECF No. 124), and the Court denied the request, (ECF No. 125). Plaintiff appealed, (ECF No. 127), and on June 30, 2017, the Second Circuit reversed and remanded, holding that the Court should have made a competency determination prior to dismissing the case, (ECF No. 131).

In compliance with the Second Circuit's remand order, Magistrate Judge Smith conducted a competency hearing pursuant to Rule 17(c) on September 29, 2017, ruled that Plaintiff was not competent to represent herself in this action, appointed her brother to serve as guardian *ad litem* ("GAL"), and stayed the action pending a conference to be held on December 1, 2017, giving Plaintiff's guardian time to obtain counsel. (ECF No. 153.) The events that followed are set out in detail in Magistrate Judge Smith's October 2, 2018 Decision and Order denying Plaintiff's motion for reconsideration of the Court's September 29, 2017 competency determination, (*see* ECF No. 201), but in brief: on December 19, 2017, counsel Amy Jane

Agnew appeared on behalf of Plaintiff's GAL, (ECF No. 164); on January 30, 2018, Mishael Pine appeared as Ms. Agnew's co-counsel, (Minute Entry dated Jan. 30, 2018); on March 9, 2018, at the GAL's request, the GAL was terminated and the Court gave Ms. Agnew and Ms. Pine sixty days to secure a replacement GAL through an Article 81 proceeding in state court, (Minute Entry dated Mar. 9, 2018); on April 19, 2018, Ms. Agnew informed the Court that she had withdrawn the Article 81 petition because Plaintiff would not participate, (ECF No. 179); on May 11, 2018, the Court relieved Ms. Agnew and Ms. Pine from their representation, (Minute Entry dated May 11, 2018); on October 2, 2018, the Court ordered that if Plaintiff did not obtain a new GAL within thirty days, her case would be dismissed without prejudice, (ECF No. 201 at 21-22); and on November 5, 2018, the case was dismissed without prejudice, (ECF No. 202). In the order dismissing the case, the Court stated, "If Plaintiff is, at some point, deemed competent by a federal court, or if she is able to obtain a new GAL, she may move to reopen this action." (*Id.* at 2.)

On November 16, 2018, Plaintiff attempted to appeal the order of dismissal to the Second Circuit, but her motion for leave to appeal was denied on March 25, 2019. (ECF No. 204.)[2] On October 21, 2019, Plaintiff filed a motion for reconsideration under Rule 60(b)(6), (ECF No. 205), which Defendants opposed, (ECF No. 206), and the Court denied on October 29, 2019, concluding that Plaintiff "ha[d] not provided any basis to believe that she no longer requires the assistance of a Guardian *ad litem*," (ECF No. 207). On December 7, 2019, Plaintiff wrote a letter to then-Chief Judge McMahon arguing that she was competent to proceed in another case that had been before Judge McMahon, *see Lewis v. Newburgh Nissan Car Dealership*, No. 04-

---

[2] The Second Circuit had previously sanctioned Plaintiff by requiring her to obtain leave to file appeals going forward. *See Lewis v. County of Orange*, No. 16-4017 (2d Cir.), ECF No. 77.

4

CV-562,³ but because the letter also listed this case caption and case number, the document was docketed in this case. (ECF No. 208.) On February 20, 2020, Plaintiff filed a "Motion for Trial" in this case, (ECF No. 209), which Magistrate Judge Smith denied on February 24, 2020, explaining that her ruling regarding Plaintiff's competence had not changed, "and no evidence has been submitted to the Court which would require review of that decision. The Plaintiff is therefore not permitted to file motions on her own behalf without the assistance of a guardian *ad litem*, and, if appropriate and necessary, an attorney," (Text Order dated Feb. 24, 2020). On March 2, 2020, Plaintiff filed a document captioned "Plaintiff's Failure to Rule on Motion and Time for Holding Issue Under Advisement," again asserting that she was competent to pursue her claims in this matter. (ECF No. 210.) On March 6, 2020, Magistrate Judge Smith denied that application. (ECF No. 211.)

On March 18, 2021, in a different case, I held a competency hearing at which I found Plaintiff competent to proceed. *See Lewis v. City of Newburgh*, No. 20-CV-7973 (S.D.N.Y.), Minute Entry dated March 18, 2021.⁴ By letter dated March 28, 2021, postmarked March 30, 2021, received April 1, 2021 and docketed April 12, 2021, Plaintiff wrote to Magistrate Judge Smith (who had retired by that time) regarding this case, noting that I had found her competent on March 18, 2021, and requesting that this case be reopened and an immediate hearing be held "to discuss evidentiary matters and to set a trial date." (ECF No. 212.) Apparently because this case had been dismissed (albeit without prejudice) and Magistrate Judge Smith had retired, there

---

³ That case had been dismissed with prejudice on July 15, 2005 after the court granted Defendants' motion for summary judgment. *See Lewis v. Newburgh Nissan Car Dealership*, No. 04-CV-562, ECF No. 68.

⁴ That case was dismissed on the merits on December 20, 2021. *Lewis v. City of Newburgh*, No. 20-CV-7973, 2021 WL 6052135, at *1 (S.D.N.Y. Dec. 20, 2021).

was no judge assigned at that point, and the letter did not come to the attention of a judge, although Defendants' counsel received electronic notification of the filing. Neither the Court nor Defendants responded to Plaintiff's letter. On August 26, 2021, Plaintiff filed a document styled "Order to Show Cause," in which she argued that any "stay" of this case was inappropriate and that she is entitled to judgment as a matter of law under Fed. R. Civ. P. 56. (ECF No. 213.) Again, no judge was notified but Defendants' counsel was, and nobody responded.

By letter dated July 14, 2022, Plaintiff wrote to Chief Judge Laura Taylor Swain, alleging that she had never consented to Magistrate Judge Smith's jurisdiction and requesting a pre-trial conference with a district judge. (ECF No. 214.) Counsel for Defendants responded on July 20, 2022, objecting to Plaintiff's request on the ground that she had been found incompetent and as such was not permitted to file motions on her own behalf. (ECF No. 215.) Plaintiff responded by letter dated July 22, 2022, noting that another case of hers (No. 21-CV-9131) was going forward in this District. (ECF No. 216.) On July 28, 2022, this matter was reassigned to me, and I entered an order construing her recent letters as motions to reopen the case pursuant to Magistrate Judge Smith's statement in her order of dismissal that Plaintiff could so move if she were deemed competent by a federal court. (ECF No. 217.) Defendants opposed the motion to reopen, (ECF No. 218 ("Ds' Opp.")), and Plaintiff replied, (ECF No. 219).

## II.    DISCUSSION

### A.    Rule 60(b)

Given Plaintiff's *pro se* status, I construe her submissions as a as a motion for relief from a final judgment, order, or proceeding under Rule 60(b). *See Roland v. Rivera*, No. 07-CV-230, 2007 WL 1651840, at *1 (N.D.N.Y. June 6, 2007) (treating request from *pro se* plaintiff to reopen case that had been dismissed without prejudice as a motion under Rule 60(b)(6)); *cf.*

6

*Fiorilla v. Citigroup, Inc.*, No. 22-CV-6189, 2022 WL 11245942, at *1 (S.D.N.Y. Oct. 19, 2022) ("In the absence of binding precedent, the Court assumes without deciding that it has the power to revive Mr. Fiorilla's case under Rule 60(b) after a Rule 41(a)(1)(A)(i) voluntary dismissal without prejudice."); *Walker v. Dep't of Veterans Affs.*, No. 94-CV-5591, 1995 WL 625689, at *1 (S.D.N.Y. Oct. 25, 1995) (voluntary dismissal without prejudice constitutes "a final judgment in the sense that it ends the pending action," such that a "plaintiff may proceed under Rule 60(b)").[5]

> Rule 60(b) provides:
>
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Because 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Gabrieli v. Wal-Mart Stores E., LP*, No. 12-CV-1755, 2021 WL 4205174, at *2 (E.D.N.Y. Apr. 12, 2021) (cleaned up), *aff'd*, No. 21-1264, 2022 WL 2206463 (2d Cir. June 21, 2022). Rule 60 is intended to preserve "'a balance between

---

[5] The Court will send Plaintiff copies of all unpublished decisions cited as authority in this Opinion and Order.

7

serving the ends of justice and ensuring that litigation reaches an end within a finite period of time.'" *Am. Tissue, Inc. v. Arthur Andersen L.L.P.*, No. 02-CV-7751, 2005 WL 712201, at *2 (S.D.N.Y. Mar. 28, 2005) (quoting *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1144 (2d Cir. 1994)).  In striking this balance, a motion for relief from judgment is generally disfavored and granted only when "exceptional circumstances" exist. *United States v. Int'l Brotherhood of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001).

Here, the applicable provision is the catch-all Rule 60(b)(6), under which relief may be granted for "any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6).  As a threshold matter, motions under this provision "must be made within a reasonable time," *id.* 60(c)(1), and Defendants argue that Plaintiff has not done so, citing "her delay in applying to the Court," (Ds' Opp. ¶ 12).

> In considering whether a Rule 60(b)(6) motion is made within a reasonable time, the particular circumstances of the case must be scrutinized, and the interest in finality must be balanced against the reasons for the delay.  As a result, there is a high burden for the movant to demonstrate good cause for the failure to act sooner.

*Broadway v. City of N.Y.*, No. 96-CV-2798, 2003 WL 21209635, at *3 (S.D.N.Y. May 21, 2003).  The docket reflects Plaintiff's attempts to assert her competence and reopen this matter both before and promptly after I found her competent in *Lewis v. City of Newburgh* on March 28, 2021.  Prior to March 28, 2021, Plaintiff's applications were denied.  (*See* ECF Nos. 204, 207, 211; Text Order dated Feb. 24, 2020.)  And the delay after my March 28, 2021 ruling cannot fairly be attributed to Plaintiff, who wrote to the Court in the immediate aftermath of that decision.  (ECF No. 212.)  Accordingly, I find that this motion is timely under Rule 60.

As to the merits of Plaintiff's application, "[r]ecognizing Rule 60(b)(6)'s potentially sweeping reach, courts require the party seeking to avail itself of the Rule to demonstrate that 'extraordinary circumstances' warrant relief." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012).

8

I find that Plaintiff's return to competence is an extraordinary circumstance justifying the reopening of the case. *Cf., e.g.*, *Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1268 (10th Cir. 1996) (being "adjudged incompetent" would constitute "exceptional circumstances" for equitable tolling purposes).

Defendants point to Plaintiff's record of delay in this case during discovery, reciting the events that led to Magistrate Judge's Smith's February 18, 2016 order dismissing this case with prejudice for failure to prosecute. (Ds' Opp. ¶¶ 5, 13.) But it is not clear why that conduct is grounds to deny Plaintiff's petitions to reopen this case, given that the order dismissing the case with prejudice was vacated, Plaintiff was determined to be incompetent, and the case was ultimately dismissed without prejudice because of that determination. Plaintiff has now been found competent and, presumably, is prepared to move this case forward.[6] Defendants also argue that Defendant Marc Starling no longer works for the Newburgh Housing Authority and that his whereabouts are unknown, but they provide no information about what efforts to locate him have been made or would have to be made to get in contact with Mr. Starling.[7]

### B. Time Bar

Defendants' argument that Plaintiff's request to reopen this case should be denied because the claim is now time-barred is likewise unavailing. Normally, "where the action has been dismissed without prejudice, a plaintiff's subsequent court filing is vulnerable to a time-bar because the dismissal in and of itself does not halt the running of the limitations period, even

---

[6] This is not to say that the Court excuses, or is disregarding the prejudicial effects of, Plaintiff's conduct in this case. Plaintiff is on notice that any delay, abusive behavior or failure to comply with court orders on her part may result in dismissal of this action with prejudice.

[7] A couple of minutes of Googling resulted in references to Mr. Starling suggesting that he was alive, well, and locatable, at least as of mid-2022.

though designated to be without prejudice." *Johnson v. Nyack Hosp.*, 86 F.3d 8, 11 (2d Cir. 1996). But this order will vacate the dismissal without prejudice, and the effect will be that Plaintiff's original case, which was timely filed, will be reopened.[8]

Even if that were not the case, as Defendants appear to assume, (*see* Ds' Opp. ¶ 11), Plaintiff's period of incompetence is grounds to equitably toll the statute of limitations on her claims. *See Torres v. Miller*, No. 99-CV-580, 1999 WL 714349, at *7 & n.8 (S.D.N.Y. Aug. 27, 1999) (collecting cases for proposition that statute of limitations may be tolled where party is mentally incapacitated or incompetent); *Willis v. Dep't of Treasury, I.R.S.*, 848 F. Supp. 1127, 1131 n.8 (S.D.N.Y. 1994) (noting that equitable tolling has been applied "where the claimant is incompetent"); *see also Biester*, 77 F.3d at 1268 (noting that plaintiff being adjudged incompetent would constitute exceptional circumstance justifying equitable tolling). "Equitable tolling allows courts to extend the statute of limitations beyond the time of expiration as necessary to avoid inequitable circumstances." *Johnson*, 86 F.3d at 11. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Hardie v. United States*, 501 F. Supp. 3d 152, 161 (E.D.N.Y. 2020). In this context, "[t]he term 'extraordinary' refers not to the uniqueness of a party's circumstances, but rather to the severity of the obstacle impeding compliance with a limitations period." *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011).

---

[8] Although a dismissal without prejudice usually means that the same claims can be filed again in a new case, here Magistrate Judge Smith did not say that Plaintiff could refile if she were found competent by a federal court in the future; she specifically stated in her order that if Plaintiff were deemed competent by a federal court in the future, she could "move to reopen this action." (ECF No. 202 at 2.)

While "statutes of limitations protect important social interests in certainty, accuracy, and repose," and "equitable tolling is considered a drastic remedy applicable only in rare and exceptional circumstances," *Hardie*, 501 F. Supp. 3d at 161 (cleaned up), this is a case where equitable tolling would be appropriate. Plaintiff's adjudication of incompetence, which required her to have a GAL in order to proceed, was a severe obstacle that prevented her from pursuing her case.[9] And the fact that Plaintiff sent a letter to the Court only ten days after I ruled her competent to proceed in *Lewis v. City of Newburgh*, (ECF No. 212),[10] leaves little question that she has diligently pursued her rights. Given these circumstances and the language of Magistrate Judge Smith's order, which contemplated a motion of this nature, it would be inequitable to hold that Plaintiff's claims are now time-barred merely by virtue of the Court's dismissal without prejudice.

## III. CONCLUSION

For the foregoing reasons, the Court's November 5, 2018 order dismissing this case without prejudice is VACATED. The Clerk of Court is respectfully directed to reopen the case. The order of reference to the Magistrate Judge is also VACATED and the case will remain with the undersigned, at least for now.

Plaintiff is cautioned, however, that the Court will have little tolerance for abusive, noncompliant or dilatory behavior. Further, Plaintiff is ORDERED not to telephone the Court, for reasons made plain in No. 21-CV-8487, ECF No. 20. All communications with the Court

---

[9] This is not to say that the Court was incorrect in finding Plaintiff to be incompetent, but to illustrate the "severity of the obstacle" in continuing the case.

[10] Defendants do not mention Plaintiff's March 28, 2021 letter and argue that Plaintiff delayed over a year after she was found competent before writing the Court in this case. (Ds' Opp. ¶¶ 12, 15.) But Plaintiff's initial letter was docketed in this case on April 12, 2021, (*see* ECF No. 212), and there is no reason Defendants would not have seen it.

must be in writing, and emailed to temporary_pro_se_filing@nysd.uscourts.gov, sent by mail, or dropped off at the courthouse.  The only exception to the above order that Plaintiff not call the Court is that the parties are to call 877-336-1839 and enter access code 1047966# for a telephonic status conference on December 13, 2022 at 10:15 a.m.

**SO ORDERED.**

Dated: November 23, 2022
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.