UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

REGINA LEWIS,

                        Plaintiff,                        **ORDER**

         -against-                              11 Civ. 3194 (CS) (AEK)

NEWBURGH HOUSING AUTHORITY, INC. *et al.*,

                        Defendants.
-------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

      A telephonic status conference was conducted on Friday, July 7, 2023.  After the Court addressed preliminary matters and attempted to turn to discovery issues that had been identified by counsel for Defendants in advance of the conference, Plaintiff expressed her unwillingness to engage in discovery in strident tones.  Plaintiff became increasingly irate, issued an abusive and expletive-laden tirade, and then terminated her participation in the conference by hanging up the phone.

      The proceeding continued from there in Plaintiff's absence, and the Court addressed Defendants' request to take Plaintiff's deposition.  Defendants previously noticed Plaintiff's deposition to take place on July 24, 2023 at the office of Defendants' counsel.  *See* ECF No. 240. According to Defendants, Plaintiff has informed their counsel that she will not submit to a deposition, *id.*; this is consistent with Plaintiff's stated position at the July 7, 2023 conference, at which she stated that she did not think any further discovery in this case was necessary or appropriate.  But despite the lengthy history of this case, Defendants have never had the opportunity to take Plaintiff's deposition, and such depositions are a routine part of litigation. The Court therefore orders that Plaintiff appear for a deposition on **July 24, 2023 at 10:00 a.m.**

**in the deposition room located on the first floor of the United States Courthouse at 300 Quarropas Street, White Plains, NY 10601**.

The Court notes that Rule 37 of the Federal Rules of Civil Procedure provides that "[t]he court where the action is pending may, on motion, order sanctions if . . . a party . . . fails, after being served with proper notice, to appear for that person's deposition[.]"  Fed. R. Civ. P. 37(d)(1)(A)(i).  Possible sanctions for a party's failure to appear at her deposition are listed in Rule 37(b)(2)(A)(i)-(vi), and include "dismissing the action or proceeding in whole or in part."  Fed. R. Civ. P. 37(b)(2)(A)(v); *see* Fed. R. Civ. P. 37(d)(3).  To ensure that the prerequisites of Rule 37(d) have been satisfied, **by no later than July 17, 2023**, Defendants must serve "proper notice" on Plaintiff to require her to appear for her deposition at the White Plains federal courthouse at the date and time set forth above, and must file proof of service on the docket.  If the notice is served, and if Plaintiff then fails to appear for her properly noticed deposition, the Court will authorize the filing of a motion for sanctions.  **If Plaintiff fails to appear for the deposition, one potential sanction authorized by the Federal Rules of Civil Procedure is dismissal of the entire case.**

In addition, Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure provides for the imposition of sanctions if a party "fails to obey an order to provide or permit discovery."  Fed. R. Civ. P. 37(b)(2)(A).  Again, the available sanctions for failing to follow a court order to provide or permit discovery are listed at Rule 37(b)(2)(A)(i)-(vi), and include the possibility of "dismissing the action or proceeding in whole or in part."  Fed. R. Civ. P. 37(b)(2)(A)(v).  Consequently, **if Plaintiff fails to obey this order to appear for her deposition, she will be subject to the imposition of sanctions, and one potential sanction authorized by the Federal Rules of Civil Procedure is dismissal of the entire case.**

The Court had intended to explain to Plaintiff at the July 7, 2023 conference the provisions of Rule 37(b) and Rule 37(d) and the potential consequences of a failure to abide by these rules, but Plaintiff's conduct at the conference, culminating with her terminating her participation in the conference, made that impossible.  **Accordingly, by way of this Order, the Court is placing Plaintiff on notice of Rule 37(b) and Rule 37(d) of the Federal Rules of Civil Procedure; the obligations that they place on her to appear for her deposition; and the possible sanctions that she might face, including dismissal of this action, if she fails to appear for the deposition.**

At the deposition, Plaintiff may not engage in the type of abusive conduct that she exhibited during the July 7, 2023 telephone conference—such conduct will make it impossible to conduct the deposition, and will be treated as a failure to comply with the Court's order to complete the deposition.  Counsel for Defendants must ensure that the court reporter retained to transcribe the deposition also creates an audio recording of the deposition.  If Plaintiff acts in an abusive manner at the deposition, counsel for Defendants is directed to contact the Court promptly.

The Clerk of Court is directed to mail a copy of this Order to the *pro se* Plaintiff.

Dated: July 12, 2023
      White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge

3