UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
REGINA LEWIS,

                                            Plaintiff,

     - against -                                     **ORDER**

NEWBURGH HOUSING AUTHORITY and        No. 11-CV-3194 (CS)
MARC STARLING, in his official capacity as
Executive Director of the Newburgh Housing
Authority,

                                            Defendants.
---------------------------------------------------------------x

Appearances:

Regina Lewis
Poughkeepsie, New York
*Pro Se Plaintiff*

Stephen J. Gaba
Drake Loeb PLLC
New Windsor, New York
*Counsel for Defendants*

Seibel, J.

       Before the Court are the Report and Recommendation of United States Magistrate Judge Andrew E. Krause dated February 7, 2024, which recommends that Defendants' motion for sanctions be granted and that Plaintiff's case be dismissed with prejudice, (ECF No. 262 (the "R&R")); Plaintiff's Objections thereto, (ECF No. 263 (the "Objections")); and Defendants' Response to the Objections, (ECF No. 265 (the "Response")).

       In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A party may object to the magistrate judge's

report and recommendation, but the objections must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C). A district court must review *de novo* those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1)(C). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see Marji v. Rock*, No. 09-CV-2420, 2011 WL 4888829, at *1 (S.D.N.Y. Oct. 13, 2011).[1] The district court may adopt those portions of a report and recommendation to which no objections have been made, provided no clear error is apparent from the face of the record. *See White v. Fischer,* No. 04-CV-5358, 2008 WL 4210478, at *1 (S.D.N.Y. Sept. 12, 2008); *Nelson v. Smith,* 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72 advisory committee note (b).

Submissions by *pro se* plaintiffs are to be examined with "special solicitude," *Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010), interpreted "to raise the strongest arguments that they suggest," *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), and "held to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*).[2]

Plaintiff's Objections are comprised largely of irrelevant statements about the alleged merits of her claims, comments regarding rulings made years ago, or *ad hominem* attacks. (*See generally* Objections.) The only respect in which the Objections address the substance of the

---

[1] The Court will send Plaintiff copies of unreported decisions cited in this Order.

[2] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

R&R is that Plaintiff alleges that Defendants waived their right to take her deposition twelve years ago.  (*See id.* at 2 ("Dismissing my case . . . would be a decision in an arbitrary manner and will result in a manifest miscarriage of justice because the defendants waived the right to deposition me . . . ."); *id.* at 3 ("[T]he defendant's deposition opportunity was waived twelve years ago" and "[defendants' former counsel] Jeffrey Scully waived the defendant's right to deposition me twelve years ago and the defendant must eat that reality.").)  She thereby presumably means to argue that her refusal to sit for a deposition when ordered to do so by Judge Krause was justified, and that her case therefore should not be dismissed pursuant to Federal Rule of Civil Procedure 37.  I review that argument *de novo*.

    Plaintiff does not point to any opportunity Defendants had to depose her, and as set out in detail in the Response, Defendants never had such an opportunity.  (*See* Response at 2-5.)  Defendants have not waived their right to a deposition of Plaintiff.  Moreover, even if Plaintiff believed that they had, and therefore that Judge Krause's July 12, 2023 order that she sit for a deposition, (ECF No. 243), was erroneous, her remedy would have been to appeal and obtain a stay, not to refuse to obey the order.  "If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, [s]he must comply promptly with the order pending appeal."  *Maness v. Meyers*, 419 U.S. 449, 458 (1975).  Plaintiff did not appeal the order, let alone ask for a stay.[3]  That she is representing herself is no excuse; "all litigants,

---

[3] Plaintiff wrote a letter to Chief Judge Laura Taylor Swain dated July 21, 2023, (ECF No. 245), in which she stated that she would not participate in discovery and purported to move for termination of her deposition pursuant to Federal Rule of Civil Procedure 30(d)(3) (which she mistakenly described as Rule 26(3)).  Putting aside that Rule 30(d)(3) applies only to depositions in progress, *see* Fed. R. Civ. P. 30(d)(3)(A) (allowing motion "[a]t any time during a deposition"), this letter does not come close to constituting an appeal of Judge Krause's July 12,2023 order that Plaintiff sit for a deposition.  First, any appeal of Judge Krause's order should have come to me, as the assigned judge who referred the case to Judge Krause.  Fed. R. Civ. P.

including pro ses, have an obligation to comply with court orders.  When they flout that obligation they, like all litigants, must suffer the consequences of their actions." *McDonald v. Head Crim. Ct. Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988).  In short, "that [Plaintiff] disagreed with the Court's orders provided no basis for failure to comply with them." *Carvalho v. Reid*, 193 F.R.D. 149, 154 (S.D.N.Y. 2000).  I therefore reject Plaintiff's objection that her refusal to be deposed was justified.

    I have reviewed the remainder of the R&R for clear error, and find no error, clear or otherwise, in Judge Krause's thorough and well-reasoned decision.  I therefore adopt the R&R as the decision of the Court.  Defendants' motion for sanctions is GRANTED, and the case is dismissed with prejudice.  I impose no award of expenses under Rule 37(d).  The Clerk of Court is respectfully directed to terminate the pending motion, (ECF No. 248), and close the case.

**SO ORDERED.**

Dated: March 8, 2024
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

---

72(a) (objection to nondispositve order of magistrate judge is heard by "the district judge in the case"); *see Bokel v. NYPD Prop. Clerk Div*., No. 06-CV-2849, 2007 WL 1755872, at *1 (E.D.N.Y. June 15, 2007), *reconsideration denied*, 2007 WL 2071708 (E.D.N.Y. July 17, 2007).  Second, the letter made no reference to Judge Krause's July 12, 2023, let alone to any reason why it might have been incorrect.  Plaintiff's basis for the request that her deposition be terminated was an alleged "history of bias and prejudice" she claimed to have set forth in papers filed in 2016, (*see* ECF No. 245 at 1-2), years before Judge Krause was appointed.  The remainder of the letter related to the alleged merits of her case and her desire to move for summary judgment.  Nobody reading the letter could have understood it as an appeal of Judge Krause's July 12, 2023 order.